UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **SALINTO DONDRELL DAVIS**<br>    **LA. DOC #400883**<br>**VS.** | **CIVIL ACTION NO. 3:11-cv-1364**<br><br>**SECTION P**<br><br>**JUDGE ROBERT G. JAMES** |
| **TARREN HANFORD** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

Pro se plaintiff Salinto Dondrell Davis, proceeding in forma pauperis, filed the instant civil rights complaint on July 2, 2011. Plaintiff is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is presently incarcerated at the Riverbend Detention Center (RDC), Lake Providence, Louisiana, but he complained that he was the victim of excessive force while he was incarcerated at the East Carroll Detention Center (ECDC); he also complained about the lack of adequate security at that institution. Plaintiff has sued ECDC, its warden, Ronnie Harris, and Sergeant Tarren Hanford. He prayed for a transfer to another facility and that the facility be "investigated for civil rights violations." In a separate order he again prayed for transfer. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint and its accompanying motion for transfer be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

*Background*

Plaintiff is an inmate in the legal custody of the LDOC. When he filed this complaint he was incarcerated at ECDC. He claimed that on July 13, 2011, Sgt. Hanford "used excessive physical

force by choking me until I could not breathe." He also complained that the facility lacked adequate security and alleged, "... my life is in constant danger, security constantly sleeps while on duty. They also allow and encourage fights while they watch." [Doc. 1]

Plaintiff submitted his application to proceed *in forma pauperis* dated August 15, 2011. The form, which was received and filed on September 6, 2011, indicated that plaintiff was still incarcerated at ECDC; however, plaintiff supplied RDC as his return address and the address change was duly noted by the Clerk of Court. [Doc. 5] On the same date, plaintiff corresponded to the Court and alleged, "The reason I took so long returning this form is all because the [Corrections Officers] and Captain kept retrieving this out the mail and threatening me telling me don't put outsiders in their business using pepper spray telling me they'll pay other inmates to physically do me harm. Would you all please help me in any way in getting to a better facility. I would be very grateful of any help..." [Doc. 6] This document has been construed as a Motion to Transfer Facilities.

*Law and Analysis*

*1. Screening*

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; 28 U.S.C.§1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all

of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)(A court should begin its analysis by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."); *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

Courts are not only vested with the authority to dismiss a claim based on an indisputably meritless legal theory, but are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff's complaint, while short on factual support, adequately sets forth his claim for relief; further amendment is not necessary.

*2. Relief Requested*

Plaintiff has, in a conclusory fashion, alleged that he was the victim of excessive force and, that the conditions of confinement at ECDC are such that he fears for his life. He also alleged that prison officials threatened retaliation in the form of additional physical abuse should he continue with this litigation.

Nevertheless, plaintiff has requested only an investigation of ECDC and his immediate transfer from ECDC and RDC to some other, as yet unidentified, corrections facility.

As for the first form of injunctive relief requested by plaintiff – an investigation – plaintiff must be aware that the Courts are not investigatory agencies. Plaintiff must address such a request to a local, state, or federal police agency. Of course, in so doing, he must additionally be aware that private citizens have no constitutional right to have their claims investigated by federal or local executive officials. *See, e.g., Gomez v. Whitney*, 757 F.2d 1005 (9th Cir.1985); *Dunyan v. FBI*, 1992 WL 25777 (E.D.Pa. Feb.5, 1992); *Moses v. Kennedy*, 219 F.Supp. 762 (D.D.C.1963); see also *Hymel v. Champagne*, 2007 WL 1030207 (E.D.La. 2007) (citations omitted). To the extent that Plaintiff wants the Court to order some agency of the executive department to conduct an investigation, he fails to state a claim for which relief may be granted.

Likewise, plaintiff requests transfer to another prison. However, such relief is also not available, even if his underlying claims are otherwise meritorious. Plaintiff is an LDOC inmate. Under Louisiana law, "any individual subject to confinement in a state adult penal or correctional institution shall be committed to the Louisiana Department of Public Safety and Corrections and not to any particular institution within the jurisdiction of the department. <u>The director of corrections shall assign each newly committed inmate to an appropriate penal or correctional facility. The director</u>

may transfer an inmate from one such facility to another, insofar as the transfer is consistent with the commitment and in accordance with treatment, training and security needs established by the department..." La. R.S.15:824(A).

      Plaintiff is an LDOC inmate and therefore his placement is solely within the purview of the LDOC. Broad discretionary authority must be afforded to prison administrators because the administration of a prison is "at best an extraordinarily difficult undertaking." *Wolff v. McDonnell*, 418 U.S. 539, 566, 94 S.Ct. 2963, 2979, 41 L.Ed.2d 935 (1974) To hold that any substantial deprivation imposed by prison authorities triggers the procedural protections of the Due Process Clause would subject to judicial review a wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts. *Meachum v. Fano*, 427 U.S. 215, 225, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976). "Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Price v. Johnston*, 334 U.S. 266, 285, 68 S.Ct. 1049, 1060, 92 L.Ed. 1356 (1948).

      Prisoners simply do not have a constitutionally derived liberty interest in being held in any particular institution. *See Meachum v. Fano*, 427 U.S. 215, 224, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976); *Olim v. Wakinekona*, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); *Montanye v. Haymes*, 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976); *Adams v. Gunnell*, 729 F.2d 362, 368 (5th Cir. 1984); *Oladipupo v. Austin,* 104 F.Supp.2d 643 (W.D.La. 2000).

      Therefore, to the extent that plaintiff seeks an order directing the defendants to transfer him to another prison, his claim should be dismissed for failing to state a claim for which relief may be granted.

*Conclusion and Recommendation*

Therefore.

Plaintiff's Motion to Transfer [Doc. 6] is **DENIED**; and,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

In Chambers, Monroe, Louisiana, October 25, 2011.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE